1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10  JUANITA RAMIREZ and ANGEL
    SANCHEZ RIOS,

11                              Plaintiff(s),

12          v.

13  OUR LADY OF LOURDES HOSPITAL AT
    PASCO d/b/a LOURDES HEALTH

14  NETWORK, ELTON KERR, MD,
    JOHNSON & JOHNSON, INC., and

15  ETHICON, INC.,

16                              Defendant.

17

NO. 2:13-CV-01108

ANSWER OF DEFENDANT JOHNSON
& JOHNSON TO PLAINTIFFS'
COMPLAINT FOR DAMAGES

JURY DEMAND

18

19          Defendant Johnson & Johnson (incorrectly named in Plaintiffs' Complaint as

20  "Johnson & Johnson, Inc."), by and through its attorneys, responds to Plaintiffs' Complaint

21  for Damages ("Complaint") as follows.

22

23

24

25

26

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 1

**SCHEER & ZEHNDER LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

<u>RESPONSE TO "PARTIES, JURISDICTION AND VENUE"[1]</u>

1.     Johnson & Johnson lacks sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, therefore, denies those allegations.

2.     Johnson & Johnson lacks sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and, therefore, denies those allegations.

3.     Johnson & Johnson lacks sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and, therefore, denies those allegations.

4.     Answering Paragraph 4 of Plaintiffs' Complaint, Johnson & Johnson admits only that it is a New Jersey corporation with its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey.  Johnson & Johnson does not manufacture, market, distribute, label or sell any product.  Except as expressly admitted herein, Johnson & Johnson denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.     Answering Paragraph 5 of Plaintiffs' Complaint, Johnson & Johnson admits only that Ethicon, Inc. is a New Jersey corporation with its principal place of business located in Somerville, New Jersey and that it is a wholly owned subsidiary of Johnson &

---

[1] The repetition of the Complaint's subheadings is done solely for organizational purposes and is not an admission as to their truth.

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 2

SCHEER & ZEHNDER LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

Johnson.   Except as expressly admitted herein, Johnson & Johnson denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.     Paragraph 6 of Plaintiffs' Complaint makes no allegation against Johnson & Johnson and requires no response by Johnson & Johnson; however, Johnson & Johnson denies that the characterization contained within this paragraph is a proper characterization.

7.     Answering Paragraph 7 of Plaintiffs' Complaint, Johnson & Johnson admits only that Ethicon, Inc. has researched, developed, designed, licensed, manufactured, distributed, sold and marketed Gynecare TVT and that Gynecare TVT has been available for purchase in the State of Washington.  Johnson & Johnson does not research, develop, design, license, manufacture, distribute, sell or market any product; therefore, Johnson & Johnson denies any such allegations as they pertain to Johnson & Johnson.  Except as expressly admitted herein, Johnson & Johnson denies the allegations in Paragraph 7 of Plaintiffs' Complaint.

## RESPONSE TO "FACTS"

8.     Johnson & Johnson lacks sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and, therefore, denies those allegations.

9.     Johnson & Johnson lacks sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and, therefore, denies those allegations.

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 3

92 006 jf200508

10.     Johnson & Johnson lacks sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies those allegations.

<u>RESPONSE TO "LIABILITY AND CAUSATION"</u>

11.     Johnson & Johnson lacks sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies those allegations.

12.     Paragraph 12 of Plaintiffs' Complaint makes no allegation against Johnson & Johnson and requires no response by Johnson & Johnson. To the extent that Paragraph 12 of Plaintiffs' Complaint makes allegations against Johnson & Johnson or Ethicon, Inc. all such allegations are denied. To the extent that Paragraph 12 of Plaintiffs' Complaint makes allegations against Defendants Lourdes and Kerr, Johnson & Johnson lacks sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     Paragraph 13 of Plaintiffs' Complaint makes no allegation against Johnson & Johnson and requires no response by Johnson & Johnson. To the extent that Paragraph 13 of Plaintiffs' Complaint makes allegations against Defendant Kerr, Johnson & Johnson lacks sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Paragraph 14 of Plaintiffs' Complaint makes no allegation against Johnson & Johnson and requires no response by Johnson & Johnson. To the extent that Paragraph 14 of

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 4

92 006 jf200508

Plaintiffs' Complaint makes allegations against Defendant Lourdes, Johnson & Johnson lacks sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.     Paragraph 15 of Plaintiffs' Complaint makes no allegation against Johnson & Johnson and requires no response by Johnson & Johnson. To the extent that Paragraph 15 of Plaintiffs' Complaint makes allegations against Defendants Lourdes and Kerr, Johnson & Johnson lacks sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.     Johnson & Johnson denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.     Johnson & Johnson denies the allegations contained in Paragraph 17, including subparts A – E contained therein, of Plaintiffs' Complaint.

## RESPONSE TO "PLAINTIFFS ELECT NOT TO SUBMIT MATTER TO ARBITRATION"

18.     Paragraph 18 of Plaintiffs' Complaint makes no allegation against Johnson & Johnson and requires no response by Johnson & Johnson.

## RESPONSE TO "PRAYER FOR RELIEF"

In response to Section V at the conclusion of Plaintiffs' Complaint, Johnson & Johnson denies the same and denies that Plaintiffs are entitled to receive any recovery or to receive any form of relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 5

1    Further answering and by way of affirmative and additional defenses, Johnson &

2    Johnson alleges as follows:

3

4                                         **I.**

5    Plaintiffs' claims against Johnson & Johnson are barred because Johnson & Johnson

6

7    does not design, develop, manufacture, market, promote or sell any product allegedly at issue

8    in this action.

9                                        **II.**

10    Johnson & Johnson has never had possession or control over the product at issue in

11    this action, and therefore the Complaint as to each cause of action fails to state a claim

12    against Johnson & Johnson.

13

14                                       **III.**

15    The Complaint fails to state a cause of action upon which relief can be granted.

16                                       **IV.**

17    The Complaint fails to state a cause of action upon which relief can be granted due to

18    lack of adequate product identification.

19

20                                        **V.**

21    Plaintiffs' claims are barred for lack of subject matter jurisdiction.

22                                       **VI.**

23    Plaintiffs' claims are barred for lack of personal jurisdiction.

24

25

26

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 6

**SCHEER & ZEHNDER LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

**VII.**

The Complaint must be dismissed because Plaintiffs provided insufficient process.

**VIII.**

The Complaint must be dismissed because Plaintiffs provided insufficient service of process.

**IX.**

Plaintiffs may be barred from bringing some of the claims alleged in the Complaint because Plaintiffs may lack standing and/or capacity to bring such claims.

**X.**

Plaintiffs may have failed to join indispensable parties or real parties in interest necessary for the just adjudication of this matter.

**XI.**

Venue in this Court is improper, and this matter should be dismissed on *forum non conveniens* grounds.

**XII.**

Plaintiffs' alleged causes of action have been improperly joined under the applicable Rules of Civil Procedure and the laws of the applicable state.

**XIII.**

The improper joinder of Plaintiffs' alleged causes of action violate the procedural and substantive due process rights of Johnson & Johnson under the Constitutions of the United States of America and the applicable state, as well as the applicable Rules of Civil Procedure and the laws of the applicable state.

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 7

92 006 jf200508

**XIV.**

The improper joinder of Defendants violates the procedural and substantive due process rights of Johnson & Johnson under the Constitutions of the United States of America and the applicable state.

**XV.**

Johnson & Johnson is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in Washington or any other state whose law is deemed to apply in this case.

**XVI.**

Plaintiffs' claims are barred by the doctrine of federal preemption, as established by statute, including the preemption provision of the Medical Device Amendments, 21 U.S.C. § 360k(a), to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and by state and federal case law, and are barred by the Supremacy Clause of the United States Constitution, because the product(s) at issue is regulated by the U.S. Food and Drug Administration ("FDA") under the Medical Device Amendments, 21 U.S.C. § 360k, *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and other federal statutes and regulations.

**XVII.**

Johnson & Johnson does not design, develop, manufacture, license, market, distribute, sell and/or place in the stream of commerce any product. At all relevant times, however, the product was in full compliance with all applicable federal statutes and regulations, including but not limited to the Medical Device Amendments, 21 U.S.C. § 360k,

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 8

92 006 jf200508

1   *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, and other

2   federal statutes and regulations, and Plaintiffs' claims are accordingly barred.

### XVIII.

Plaintiffs' claims against Johnson & Johnson are expressly and/or impliedly preempted by federal law, including but not limited to the regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal Regulations. *See* 21 U.S.C. § 301 *et seq.*; *see also* Fed. Reg. 3922 (Jan. 24, 2006).

### XIX.

Johnson & Johnson does not design, develop, manufacture, license, market, distribute, sell and/or place in the stream of commerce any product. Plaintiffs' claims nevertheless are barred because the entity responsible for the design, development, manufacture, licensing, marketing, distribution and/or sale of the product complied with all applicable state and federal statutes regarding the product at issue including the requirements and regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal Regulations. In the event that Plaintiffs' claims are not barred, Johnson & Johnson and the entity responsible for the design, development, manufacture, licensing, marketing, distribution and/or sale of the product is entitled to a presumption that the product at issue is free from any defect or defective condition as the plans or design for the product at issue or the methods and techniques of manufacturing, inspecting, and testing the product at issue were in conformity with government standards established for the industry that were in existence at the time the plans or designs for the product at issue or the methods and techniques of manufacturing, inspecting, and testing the product at issue were adopted.

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 9

SCHEER & ZEHNDER LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

1

**XX.**

2      Plaintiffs' claims are barred, in whole or in part, by the deference that federal and

3  state constitutional law and federal and state common law give to discretionary actions by the

4  FDA under the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq*., and regulations

5  promulgated thereunder.

6

7

**XXI.**

8      Johnson & Johnson does not design, develop, manufacture, license, market,

9  distribute, sell and/or place in the stream of commerce any product.  However, Plaintiffs'

10  claims are governed and barred, in whole or in part, by Sections 2, 4, and 6 of The

11  Restatement (Third) of Torts (including the comments thereto) because the entity responsible

12  for the design, development, manufacture, licensing, marketing, distribution, sale and/or

13

14  placing the product in the stream of commerce complied with all applicable statutes and with

15  the requirements and regulations of the FDA.

16

**XXII.**

17      Any claims by Plaintiffs relating to alleged communications with regulatory agencies

18  in the United States government are barred in whole or in part by operation of applicable law,

19  including the First Amendment rights of Johnson & Johnson to petition the government.

20

21

**XXIII.**

22      To the extent Plaintiffs' claims can be, or are construed as, asserting a claim for

23  punitive damages, such claim is barred because the product at issue was manufactured and

24  labeled in accordance with the terms of FDA's clearance of the product at issue.

25

26

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 10

**SCHEER & ZEHNDER LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

## XXIV.

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to assert a safer design for the product at issue.

## XXV.

Plaintiffs' claims are barred in whole or in part because the product at issue provided a benefit to users of such product and greatly outweighed any risk created by using such product, any risk could not have been avoided through the use of the highest standards of scientific and technical knowledge available at the time, the benefit provided to users could not be achieved in another manner with less risk, and adequate warnings concerning the risk were provided.

## XXVI.

Johnson & Johnson made no express or implied representations or warranties of any kind to Plaintiffs, nor did Plaintiffs rely on any representations or warranties made by Johnson & Johnson to others.  To the extent Plaintiffs relied upon any representations or warranties, such reliance was unjustified.

## XXVII.

Any express or implied warranties alleged to have been made by Johnson & Johnson were disclaimed.

## XXVIII.

Johnson & Johnson did not make nor did it breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiffs relies on any theory of breach of warranty, such claims are barred by applicable law, by the lack of privity

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 11

92 006 jf200508

1  between Plaintiffs and Johnson & Johnson, and/or by Plaintiffs' failure to give Johnson &

2  Johnson timely notice of the alleged breach of warranty and an opportunity to cure.  Johnson

3  & Johnson further specifically pleads as to any breach of warranty claim all affirmative

4  defenses available to Johnson & Johnson under the Uniform Commercial Code, as enacted in

5  Washington or any other state whose law is deemed to apply in this case, and under the

6  common law principles of Washington or any other state whose law is deemed to apply in

7

8  this case.

9                                              **XXIX.**

10         The injuries and damages allegedly suffered in this action, which are denied, were not

11  foreseeable to Johnson & Johnson given the state of scientific knowledge and state of the art

12  at the time of the alleged injuries.  At all times relevant, the product at issue conformed to

13  state-of-the-art specifications and state of scientific knowledge for such product at that time,

14  as well as all applicable statutes and regulations, including those of FDA.

15

16                                             **XXX.**

17         Plaintiffs knowingly and voluntarily assumed any and all risks associated with the use

18  of the product at issue in this case and thus the "last clear chance" and assumption of the risk

19  doctrines bar in whole or in part the damages that Plaintiffs seeks to recover herein.

20

21                                             **XXXI.**

22         Plaintiffs' claims are barred, in whole or in part, because the entity responsible for the

23  product acted in good faith at all relevant times and gave adequate warnings of all known or

24  reasonably knowable risks associated with the use of the product at issue.

25

26

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 12

**SCHEER & ZEHNDER LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

**XXXII.**

Johnson & Johnson does not design, develop, manufacture, license, market, distribute, sell and/or place in the stream of commerce any product. At all relevant times herein, however, the product in question was manufactured and distributed with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time.

**XXXIII.**

Plaintiffs' inadequate warning claims are barred because the alleged risk of which Plaintiffs claims is open, obvious, and/or a matter of common knowledge.

**XXXIV.**

Plaintiffs' claims are barred in whole or in part because the product at issue was consistent with and/or exceeded consumer expectations.

**XXXV.**

Johnson & Johnson does not design, develop, manufacture, license, market, distribute, sell and/or place in the stream of commerce any product. Plaintiffs' claims are barred in whole or in part, however, because the product at issue was at all times properly prepared, packaged, and distributed and was not defective or unreasonably dangerous.

**XXXVI.**

Adequate and complete warnings and instructions were provided with the product at issue. Johnson & Johnson does not design, develop, manufacture, license, market, distribute, sell and/or place in the stream of commerce any product. The product at issue, however, was

SCHEER & ZEHNDER LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

1  neither defective nor unreasonably dangerous when used according to their Instructions for

2  Use.

3

4                                    **XXXVII.**

5          At all relevant times, the warnings and instructions accompanying the product at issue

6  were governed by and conformed with applicable federal statutes, rules and regulations;

7  therefore, warnings and instructions relating to the product were presumptively adequate.

8                                    **XXXVIII.**

9          Plaintiffs' causes of action are barred by the learned intermediary doctrine.

10                                   **XXXIX.**

11         Johnson & Johnson is not liable to Plaintiffs because the end users of the product at

12 issue, Plaintiffs' physician(s), were sophisticated users of the product.

13

14                                    **XL.**

15         Johnson & Johnson states that the sole proximate cause of the injuries and/or

16 damages alleged by Plaintiffs was the actions, omissions, or negligence of a person or

17 persons, other than Johnson & Johnson, for whose actions, omissions, or negligence Johnson

18 & Johnson is in no way liable.  Plaintiffs are not, therefore, entitled to recover from Johnson

19 & Johnson in this action.  As to Plaintiffs or to any other entity or person whose conduct or

20 intervening negligence resulted in the alleged injuries and/or damages of Plaintiffs, if any,

21 Johnson & Johnson expressly pleads the doctrines of assumption of risk, contributory

22 negligence, comparative fault and/or comparative negligence, as well as the provisions of any

23 applicable comparative fault and/or comparative negligence and/or contributory negligence

24 statute, law or policy of Washington or any other applicable state.

25

26

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 14

92 006 jf200508

### XLI.

The injuries and damages allegedly suffered in this action, which are denied, may have been caused, in whole or in part, by Plaintiffs' own fault, which bars or proportionately reduces Johnson & Johnson's liability, if any, for Plaintiffs' alleged damages.

### XLII.

Plaintiffs voluntarily and unreasonably chose to encounter known dangers.

### XLIII.

The liability of Johnson & Johnson, if any, for Plaintiffs' non-economic loss must be apportioned in accordance with the provisions of the law of Washington or any other state whose law is deemed to apply in this case.

### XLIV.

There is no causal relationship between Johnson & Johnson's conduct and the injuries and damages alleged by Plaintiffs in the Complaint.

### XLV.

At all times mentioned herein, Plaintiffs was negligent, careless and at fault and conducted themselves so as to contribute substantially to their alleged injuries, losses, and damages. Said negligence, carelessness and fault of Plaintiffs bars in whole or in part the damages which Plaintiffs seek to recover herein.

### XLVI.

Plaintiffs' alleged injuries, losses, or damages attributable to the use of the product at issue in this case, if any, were solely caused by and attributable to the abnormal,

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 15

SCHEER & ZEHNDER LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

unforeseeable, unintended, unreasonable, and improper use or misuse which was made of said product.

## XLVII.

Plaintiffs' alleged injuries, losses, or damages attributable to the use of the product at issue in this case, if any, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

## XLVIII.

Plaintiffs' alleged injuries, losses, or damages attributable to the product at issue in this case, if any, were caused by the acts or omissions of third parties for which Johnson & Johnson has no legal responsibility.

## XLIX.

Johnson & Johnson expressly denies any third party engaging in the acts alleged by Plaintiffs was acting as Johnson & Johnson's agent or servant, at the instruction of Johnson & Johnson, or within its control.  Therefore, Plaintiffs' claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

## L.

Plaintiffs' causes of action are barred because the injuries and damages allegedly suffered in this action, which are denied, were due to an allergic, idiosyncratic or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident, or preexisting condition, and/or another unrelated medical, genetic or

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 16

SCHEER & ZEHNDER LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

environmental condition, disease or illness, without any negligence or culpable conduct by Johnson & Johnson.

## LI.

Plaintiffs' claims are or may be barred by their failure to comply with conditions precedent to their right to recover.

## LII.

Plaintiffs' claims are barred, in whole or in part, by the doctrine of avoidable consequences.

## LIII.

The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence and the failure to preserve evidence necessary to the determination of the claims.

## LIV.

Plaintiffs' claims against Johnson & Johnson are barred by the doctrines of equitable estoppel, laches, consent, waiver, informed consent, release, unclean hands, res judicata, and collateral estoppel.  Additionally, if any plaintiff had or has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of any such plaintiffs may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiffs, or, if not disclosed by Plaintiffs on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 17

92 006 jf200508

**LV.**

Some or all of Plaintiffs' claims may be barred by the statutes of limitations, prescription, and/or statutes of repose of Washington or any other state whose law is deemed to apply in this case.

**LVI.**

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred by *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

**LVII.**

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

**LVIII.**

The sale, labeling and marketing of the product at issue in this litigation is not, and was not, likely to mislead or deceive the public.

**LIX.**

Any strict liability cause of action for relief is subject to the limitations set forth in Restatement (Second) of Torts, Section 402A, comment k.

**LX.**

Plaintiffs' claims are barred in whole or in part under Section 402A, comments j and k of the Restatement (Second) of Torts.

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 18

SCHEER & ZEHNDER LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200 F: (206) 223-4065

92 006 jf200508

**LXI.**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims by any means.

**LXII.**

Any recovery by Plaintiffs must be reduced or offset by all amounts paid, payable by, or available from collateral sources.

**LXIII.**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted for costs, attorney's fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, rescission, unjust enrichment, disgorgement or restitution.

**LXIV.**

To the extent Plaintiffs' claims can be, or are construed as, asserting a claim for punitive damages, such claim is barred because the Complaint fails to state facts sufficient to entitle Plaintiffs to an award of punitive damages.

**LXV.**

To the extent Plaintiffs' claims can be, or are construed as, asserting a claim for punitive damages, such claim is barred because no act or omission of Johnson & Johnson was malicious, oppressive, willful, wanton, reckless, or grossly negligent.

**LXVI.**

Plaintiffs' claims for pain and suffering are barred because they violate Johnson & Johnson's rights to procedural and substantive due process and equal protection as

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 19

92 006 jf200508

1    guaranteed by the Constitutions of the United States and Washington or any other applicable

2    state.

3                                      **LXVII.**

4            To the extent Plaintiffs' claims can be, or are construed as, asserting a claim for

5    punitive damages, the imposition of punitive or exemplary damages would violate Johnson &

6    Johnson's constitutional rights, including but not limited to those under the due process

7    clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, and

8    the equivalent or correlative applicable provisions in the Constitutions, common law, public

9    policy, applicable statutes and court rules of the applicable states to these amendments and

10   the excessive fines clause in the Eighth Amendment to the Constitution of the United States

11   and the double jeopardy clause in the Fifth Amendment to the Constitution of the United

12   States. To the extent that punitive damages awarded to any Plaintiffs are (1) imposed by a

13   jury that is not provided standards of sufficient clarity for determining the appropriateness,

14   and the appropriate size, of such a punitive damages award; is not adequately and clearly

15   instructed on the limits on punitive damages imposed by the principles of deterrence and

16   punishment; is not expressly prohibited from awarding punitive damages, or determining the

17   amount of an award thereof, in whole or in part, on the basis of invidious discriminatory

18   characteristics, including the corporate status, wealth, or state of residence of defendant; or is

19   permitted to award punitive damages under a standard for determining liability for such

20   damages which is vague and arbitrary and does not define with sufficient clarity the conduct

21   or mental state which makes punitive damages permissible; (2) are not subject to independent

22   de novo review by the trial and appellate courts for reasonableness and the furtherance of

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 20

**SCHEER & ZEHNDER LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

legitimate purposes on the basis of objective legal standards and in conformity with the United States Constitution as amended or any applicable State constitution as amended; (3) imposed where state law is impermissibly vague, imprecise, or inconsistent; (4) subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; or (5) imposed on the basis of anything other than Johnson and Johnson's conduct within the State where Plaintiffs resides, or in any other way subject Johnson & Johnson to impermissible multiple punishment for the same alleged wrong.

## LXVIII.

To the extent Plaintiffs' claims can be, or are construed as, asserting a claim for punitive damages, Johnson & Johnson specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as applied to the state and federal courts of the applicable states under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## LXIX.

Johnson & Johnson asserts the provisions of all applicable statutory caps on damages of any sort, including punitive, non-economic or exemplary damages, under the laws of Washington or any other applicable state.

## LXX.

Johnson & Johnson specifically pleads as to Plaintiffs' strict liability claims, all affirmative defenses available to Johnson & Johnson under the rules and statutes of Washington or any other state whose law is deemed to apply in this case, and under any

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 21

**SCHEER & ZEHNDER LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

common law principles of Washington or any other state whose law is deemed to apply in this case.

### LXXI.

Johnson & Johnson specifically pleads as to Plaintiffs' negligence claims all affirmative defenses available to Johnson & Johnson under the rules and statutes of Washington or any other state whose law is deemed to apply in this case, and under any common law principles of Washington or any other state whose law is deemed to apply in this case.

### LXXII.

Johnson & Johnson hereby gives notice that it intends to rely upon and incorporate by reference any affirmative defenses that may be asserted by any co-defendant in this lawsuit.

### LXXIII.

Johnson & Johnson reserves the right to assert any additional defenses and matters in avoidance, which may be disclosed during the course of additional investigation and discovery.

### **DEMAND FOR JURY**

Comes now Johnson & Johnson, pursuant to Federal Rules of Civil Procedure 38 and LR 38, and hereby demands a trial by jury.

WHEREFORE, Defendant Johnson & Johnson prays that:

(1)     Plaintiffs take nothing by reason of the Complaint;

(2)     The Complaint be dismissed in its entirety and that a Judgment against Plaintiffs and in favor of Johnson & Johnson be entered;

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 22

**SCHEER & ZEHNDER LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

1        (3)     Johnson & Johnson be awarded its costs and expenses, including reasonable

2    attorney's fees;

3        (4)     Johnson & Johnson be awarded reasonable attorney's fees for having to

4    defend this action, and for having to defend this action in the State of Washington, pursuant

5    to RCW 4.28.185(5), CR 11, and any other legal or equitable principle which permits the

6    award of attorney's fees under the circumstances; and,

7

8        (5)     This Court award Johnson & Johnson any other and general or specific relief

9    as this Court may deem just and proper.

10

11       DATED this 27th day of June, 2013.

12                       SCHEER & ZEHNDER LLP

13

14                       By /s/ Jeffrey R. Johnson
                        /s/  Gregory Thatcher

15                        JEFFREY R. JOHNSON, WSBA No. 11082
                     jjohnson@scheerlaw.com

16                        GREGORY THATCHER, WSBA No. 40902
                     gthatcher@scheerlaw.com

17                       Attorneys for Defendants Johnson & Johnson,
                    Inc. and Ethicon, Inc.

18

19

20

21

22

23

24

25

26

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 23

SCHEER & ZEHNDER LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

I hereby certify that on June 27, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel listed below.  I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **COUNSEL FOR PLAINTIFF**<br>Kristin Houser, Esq.<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, WA 98104 | (  )   **Via U.S. Mail**<br>( X )   **Via CM/ECF**<br>(  )   **Via Facsimile**<br>(  )   **Via Overnight Mail**<br>(  )   **Via Certified Mail**<br>( X )   **Via Legal Messenger** |
| **COUNSEL FOR DEFENDANT<br>ELTON KERR, M.D.**<br>Michele C. Atkins, Esq<br>Christopher D. Anderson, Esq.<br>Fain Anderson VanDerhoef, PLLC<br>701 Fifth Avenue<br>Suite 4650<br>Seattle, WA 98104-7030 | (  )   **Via U.S. Mail**<br>( X )   **Via CM/ECF**<br>(  )   **Via Facsimile**<br>(  )   **Via Overnight Mail**<br>(  )   **Via Certified Mail**<br>( X )   **Via Legal Messenger** |
| **COUNSEL FOR DEFENDANT<br>OUR LADY OF LOURDES<br>HOSPITAL AT PASCO**<br>Jerome R. Aiken, Esq<br>Meyer, Fluegge & Tenney, P.S.<br>230 South Second Street<br>P.O. Box 22680<br>Yakima, WA 98907-2680 | ( X )   **Via U.S. Mail**<br>( X )   **Via CM/ECF**<br>(  )   **Via Facsimile**<br>(  )   **Via Overnight Mail**<br>(  )   **Via Certified Mail**<br>(  )   **Via Legal Messenger** |

DATED this 27th day of June, 2013, at Seattle, Washington.

*Maggi Gruber*

Maggi Gruber

ANSWER OF DEFENDANT JOHNSON & JOHNSON TO
PLAINTIFFS' COMPLAINT FOR DAMAGES, CAUSE
NUMBER 2:13-CV-01108 – Page 24

SCHEER & ZEHNDER LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

92 006 jf200508