Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUANITA RAMIREZ and ANGEL SANCHEZ RIOS,<br><br>Plaintiffs,<br><br>v.<br><br>OUR LADY OF LOURDES HOSPITAL AT PASCO d/b/a LOURDES HEALTH NETWORK, ELTON KERR, MD, JOHNSON & JOHNSON, INC., and ETHICON, INC.<br><br>Defendants. | No. 2:13-cv-01108-RSM<br><br>ORDER OF REMAND |

## I.     INTRODUCTION

Before the Court are Defendant Our Lady of Lourdes Hospital at Pasco's Motion to Sever (Dkt. ##7, 10); Defendants Johnson and Johnson, Inc. and Ethicon, Inc.'s Motion to Stay All Proceedings (Dkt. # 13), and Plaintiffs' Motion to Remand (Dkt. # 21). For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly the case shall be remanded to King County Superior under Case No. 13-2-192228-8 SEA.

## II.     BACKGROUND

This case arises from medical complications that Plaintiffs allege resulted from the

ORDER OF REMAND - 1

implantation of a pelvic mesh product. Plaintiffs Juanita Ramirez and Angel Sanchez Rios filed a complaint in King County Superior Court, Case No. 13-2-192228-8 SEA, on May 13, 2013. In the complaint, Plaintiffs asserted medical malpractice claims against Ms. Ramirez's treating physician Dr. Elton Kerr, and Our Lady of Lords Hospital at Pasco ("OLLH"), the hospital where Dr. Kerr performed a "laparoscopic-assisted vaginal hysterectomy with lysis of adhesions and placement of Gynecare TVT in conjunction with a cystoscopy" on Ms. Ramirez. Dkt. # 2, p. 27 (Compl. at ¶ 8). Plaintiffs also named Johnson and Johnson, Inc. and its wholly owned subsidiary Ethicon, Inc. (collectively "J&J") as defendants in the state court action for product liability claims related to J&J's Gynecare TVT pelvic mesh product.

J&J removed the action from state court pursuant to 28 U.S.C. § 1441(a) and § 1446, invoking this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332. Dkt. # 1. This section creates federal jurisdiction over state law causes of action when the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a), (b). They contend that although Dr. Kerr and OLLH are alleged to be Washington residents, they should be ignored for purposes of diversity jurisdiction because they were fraudulently misjoined. Dkt. # 1, p. 2. After removal, OLLH filed a motion to sever the product liability claims from the medical malpractice claims. Dkt. ## 7, 10. Dr. Kerr later joined the motion to sever. Dkt. # 17.

On June 28, 2013, J&J moved for a stay of all proceedings pending a transfer of the action to MDL No. 2327 in the Southern District of West Virginia ( *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327, 2012 WL 432533). Dkt. # 13. On July 23, 2013, Plaintiffs moved to remand the action back to King County Superior Court. Dkt. # 21.

ORDER OF REMAND - 2

According to the parties, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued a Conditional Transfer Order ("CTO") after the J&J Defendants notified it of this action. Plaintiffs and OLLH (joined by Dr. Kerr) have filed motions to vacate the CTO, which the JPML has set for consideration at a hearing session scheduled for September 26, 2013. Dkt. # 49, p. 1.

### III.   DISCUSSION

The parties disagree about the order in which this Court should consider the motions pending before it. Plaintiffs contend that the Court should turn first to the question of whether it has jurisdiction over this action. Dr. Kerr and OLLH contend that the Court should consider the motion to sever before determining jurisdiction. Lastly, J&J contends that this Court should stay the action so that the JPML can determine whether federal jurisdiction is proper.

Courts in the Ninth Circuit have resolved this issue differently. For example, the Central and Eastern Districts of California have recently issued two divergent opinions in cases involving motions to remand and to stay proceedings pending transfer to MDL No. 2327. *Compare Perry v. Luu*, Case No. C13-729-AWI-JLT, 2013 WL 3354446 (C.D. Cal. July 3, 2013) (considering jurisdiction first and finding remand proper) *with Rubio v. Arndal*, Case No. C13-27-LJO-BAM, 2013 WL 796669 (E.D. Cal. March 4, 2013) (considering motion to stay first and finding motion to remand moot).  Notwithstanding this current lack of consensus, district courts are courts of limited jurisdiction and they are obligated to determine whether they have jurisdiction over a particular action. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). In the Ninth Circuit, "federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008). Moreover, "a district judge should not

ORDER OF REMAND - 3

automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' [sic] motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); JPML Rule 2.1(d) ("[t]he pendency of . . . a conditional transfer order . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court"). Thus, the Court shall first address the jurisdictional issue.

### A. Legal Standard for Motion to Remand

District courts have original jurisdiction over actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331(a). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). Here, both Plaintiffs and Defendants Dr. Kerr and OLLH are alleged to be citizens of Washington, which would ordinarily result in a finding that the case was improperly removed. The removing Defendants— J&J— contend that because Dr. Kerr and OLLH were fraudulently misjoined, complete diversity exists between Plaintiffs and J&J, the only properly joined Defendants.

### B. Fraudulent Misjoinder

Federal Rule of Civil Procedure 20, which governs permissive joinder of parties, provides in relevant part:

ORDER OF REMAND - 4

>persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Fraudulent joinder is a recognized exception to the requirement that there must be complete diversity between parties to establish diversity jurisdiction. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder occurs where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *MacCabe*, 811 F.2d at 1339). Here, J&J seeks to apply the distinct doctrine of fraudulent, or procedural misjoinder. They contend that Dr. Kerr and OLLH were fraudulently misjoined in this action. Fraudulent misjoinder, a doctrine attributed to the *Tapscott* decision of the Eleventh Circuit Court of Appeals, concerns whether claims against one defendant "aris[e] out of the same transaction or occurrence, or series of transactions or occurrences" or have any "real connection" to the claims asserted against a different defendant. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. OfficeDepot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).

The doctrine of fraudulent misjoinder, however, has not been adopted by the Ninth Circuit Court of Appeals. *Perry*, 2013 WL 3354446 at * 4. Although district courts within the Ninth Circuit disagree whether fraudulent misjoinder applies in the context of removal jurisdiction,[1] at least one district court has found the "concept of fraudulent misjoinder to

---

[1] *See, e.g.*, *Sutton v. Davol, Inc.*, 251 F.R.D. 500 (E.D. Cal. 2008) (adopting doctrine and severing claims); *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123 (E.D. Cal. 2004)

ORDER OF REMAND - 5

be faulty." *Id.* at * 5 ("The Court is confounded by the concept's circular logic in that it requires the Court first—in full recognition of the lack of diversity jurisdiction—sever part of the case and *only then* find it has jurisdiction.") (emphasis original).

Other district courts have assumed, arguendo, that the doctrine applies, but found it inapplicable in cases factually similar to this one. For example, in *N.C. ex rel Jones v. Pfizer, Inc.*, the court, confronted with a group of plaintiffs asserting claims against health care providers for medical negligence and against a pharmaceutical company for strict liability and negligence for manufacture of the drug, stated that "[t]he claims for relief against all defendants are premised on the harmful effects produced by the drug Dilantin." Case No. C12-531-WHA, 2012 WL 1029518, at * 4 (N.D. Cal. March 26, 2012). It then found that "while it is true the claims of relief differ, it cannot be said that there is 'no real connection' between the claims asserted against defendants." *Id.* The court went on to note that under *Tapscott*, mere misjoinder is not fraudulent; rather, "joinder must be *egregious* in order to constitute fraud." *N.C. ex rel Jones*, 2012 WL 1029518 at * 4 (emphasis original) (citing *Tapscott*, 77 F.3d at 1360).

Similarly, in a pelvic mesh product case in the Central District of California, the court found that fraudulent misjoinder did not apply to the facts before it. *Goodwin v. Kojian*, Case No. C13-325-JST (JPRx), 2013 WL 1528966, at * (C.D. Cal. April 12, 2013). There, the court found that claims asserted against the health care provider and the device manufacturer "shared common questions of fact and law" because "Plaintiffs claims all stem from the implantation of the Mesh Products that caused severe injury to Plaintiff, and

---

(rejecting doctrine); *see also Rubio*, 2013 WL 796669 at *2 (declining to consider whether to adopt doctrine, and declining to consider jurisdiction before granting motion to stay proceedings).

ORDER OF REMAND - 6

much of the factual basis supporting these claims overlaps." *Id.* The facts here are similarly intertwined such that removal was improper. Plaintiffs' claims all arise out of the implantation of J&J's pelvic mesh product by her health care provider and the allegedly resulting injuries. Her damages may arise out of the medical negligence of her health care providers, out of defects related to the medical device, or some combination of both. *See Stevens v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, 384 (D. Md. 2011).

In addition, despite urging the Court to find that Plaintiffs' claims against the health care providers and the device manufacturers are "wholly separate" (Dkt. # 42, p. 3), J&J's Answer contains three affirmative defenses that purport to shift liability from J&J to the healthcare defendants. *See, e.g.*, Dkt. # 3, p. 14. Plaintiffs are correct to note that it would be manifestly unfair to permit J&J to point to the implanting physician's negligence to reduce their potential liability, but then prevent Plaintiffs from asserting medical negligence claims in the same action. Indeed, to permit parallel actions to proceed against the health care defendants and J&J "would result in the duplication of evidence, increase the cost of litigation, and carr[y] with it the potential for inconsistent verdicts." *Rueter v. Medtronics, Inc.*, Case No. C10-3019 –WJM, 2010 WL 4628439, at * 5 (D.N.J. Nov. 5, 2010) *report and recommendation adopted*, Case No. C10-3019-WJM, 2010 WL 4902662 (D.N.J. Nov. 23, 2010).

Here, the claims against both groups of defendants concern overlapping factual and legal questions and it cannot be said that joinder was egregious. The Court finds that Dr. Kerr and OLLH were not procedurally misjoined and the Court therefore lacks subject

ORDER OF REMAND - 7

matter jurisdiction over this action. Accordingly, Plaintiffs' motion to remand shall be GRANTED.

### C. Attorney's Fees

Plaintiffs request an award of attorney's fees under 28 U.S.C. § 1447(c). A district court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Because other district courts in the Ninth Circuit have issued a stay of proceedings (*Rubio*, 2013 WL 796669 at *2) or severed parties (*Sutton*, 251 F.R.D. 500 (E.D. Cal. 2008)) instead of granting a motion to remand in similar cases, J&J did not lack an objectively reasonable basis for seeking removal of the action. Thus, Plaintiffs' fee request shall be denied.

### IV.   CONCLUSION

Having considered the motions, the responses and replies thereto, the attached exhibits and declarations, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Motion to Remand (Dkt. # 21) shall be GRANTED. The Clerk is directed to remand this action to King County Superior Court;

(2) Defendant OLLH's Motions to Sever (Dkt. ##7, 10) shall be DENIED as MOOT;

(3) Defendant J&J's Motion to Stay all Proceedings (Dkt. # 13) shall be DENIED as MOOT;

(4) Plaintiffs' Motion for an Extension of Time (Dkt. # 31) shall be STRICKEN as MOOT;

ORDER OF REMAND - 8

(5) The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 25 day of September, 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE